**George MORAN, Plaintiff, Appellant,**

v.

**George VOSE, etc., et al.,
Defendants, Appellees.**

**No. 86–1698.**

United States Court of Appeals,
First Circuit.

Submitted Feb. 5, 1987.
Decided April 22, 1987.

**36**

George Moran, on brief pro se.

Before CAMPBELL, Chief Judge,
BREYER and SELYA, Circuit Judges.

PER CURIAM.

Without examining the trial transcript or requiring the Commonwealth to file an answer, the district court summarily dismissed appellant's § 2254 petition, under Rule 4 of the Rules Governing § 2254 cases, on the ground that "the trial defects complained of do not constitute deprivation of any right protected under the Constitution of the United States." The matters complained of in the habeas petition were 1) the admission of photographs of petitioner into evidence; 2) allowance of cross examination of defense witnesses concerning the absence of other potential alibi witnesses; 3) prosecutorial comment on the absent witnesses; 4) cross examination of alibi witnesses concerning their failure to speak to authorities prior to trial; 5) the court's failure to tell the jury not to draw any adverse inferences from defendant's failure to call additional alibi witnesses; 6)

ineffective assistance of counsel in that defense counsel, who did object to the introduction of the photos, failed to object to any of the other alleged errors; and 7) denial of a fair trial inhering in all of the above when considered in the context of the Commonwealth's allegedly weak case against petitioner. The trial court granted petitioner a certificate of probable cause and petitioner has now appealed.

To begin with, it is somewhat anomalous that the court would summarily dismiss the petition under Rule 4 of the Rules Governing Section 2254 Cases (which directs dismissal where it *plainly* appears petitioner is not entitled to relief) and would then proceed to grant petitioner a certificate of probable cause (issuance of which generally requires petitioner to show that questions "debatable among jurists of reason" are presented, *see Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 3394 n. 4, 77 L.Ed.2d 1090 (1983)). *See Williams v. Kullman*, 722 F.2d 1048, 1050 n. 1 (2d Cir.1983) ("a finding of probable cause to appeal would seem to be inconsistent with a summary dismissal").

We conclude that the court erred in summarily dismissing the § 2254 petition. It is true that, ordinarily, issues concerning the admission of evidence, scope of cross examination, or the like present solely state law questions (which are not matters proper for a § 2254 petition) and are not of constitutional dimension. *See Salemme v. Ristaino*, 587 F.2d 81 (1st Cir.1978). However, an evidentiary or other ruling so fundamentally unfair as to deny due process is an appropriate basis for habeas relief. Given the latitude with which pro se pleadings must be read, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), we cannot say with certainty, solely on the basis of the petition (and without examination of the trial transcript, which has not been filed), that petitioner necessarily will be unable to establish a constitutional violation.

While much of petitioner's case, as supplemented by his statement of facts and

other material filed on appeal, looks weak, attention should be directed to at least one of his allegations. According to petitioner, the Commonwealth's case against him was based almost exclusively on the robbery victim's identification of petitioner as the driver of the getaway car. The victim saw the profile of the driver for only five seconds, under circumstances of extreme emotional stress, from a distance of 25 feet, through the distorting influence of two (the victim's and the robber's) car windows. Petitioner, in turn, presented an alibi witness, Mrs. Ahearn, who said that at the time of the robbery, she and her friends were breakfasting in a restaurant in a different city when petitioner entered and showed her a birthday card he had just bought for his daughter. Mrs. Ahearn's friends did not testify at trial, and the prosecutor remarked on their absence to the jury. Hence, the case in large measure pitted the victim's testimony against Mrs. Ahearn's. Petitioner contends in his brief that he had other alibi witnesses available, but his counsel said petitioner had enough witnesses and should not call any more. Petitioner argues that his counsel was ineffective in failing to procure the other women at the restaurant as witnesses and in allowing the Commonwealth to suggest through cross examination and comments in closing argument that the inference should be drawn from petitioner's failure to produce those women that their testimony would not be favorable to petitioner. Obviously much will depend on the facts— e.g., whether petitioner in fact reasonably alerted counsel to the existence of these potential witnesses, if so what steps counsel took to contact these people, what counsel learned from them—but we cannot say at this preliminary stage that no viable claim of ineffective assistance can be stated. *Cf. Porcaro v. United States,* 784 F.2d 38, 40–41 (1st Cir.1986) (claim of ineffective assistance of counsel required further development).

The judgment of dismissal is vacated and the case is remanded for further proceedings.