Herbert H. DELLENBACH, Petitioner–Appellant,

v.

Craig A. HANKS, Respondent–Appellee.

No. 94–2723.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 28, 1995.

Decided Feb. 7, 1996.

Herbert H. Dellenbach (submitted), Westville Correctional Center, Westville, IN, for Petitioner–Appellant.

Thomas D. Quigley, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Before POSNER, Chief Judge, and FAIRCHILD and RIPPLE, Circuit Judges.

POSNER, Chief Judge.

■ This appeal by a state prisoner from the dismissal of his petition for federal habeas corpus asks us to decide in what circumstances the district judge may dismiss the petition without requiring an answer by the respondent, without allowing the petitioner to engage in discovery, without allowing the record to be supplemented by materials from previous proceedings, and without an evidentiary hearing, because "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4 ("Preliminary Consideration by Judge") of the Rules Governing Section 2254 Cases in the United States District Courts. But we cannot reach this question unless the district judge erred in his alternative ground for denying relief, which is that the petition for habeas corpus, Dellenbach's third, was an abuse of the writ. 28 U.S.C. § 2244. We think the judge did err. Dellenbach's first petition was dismissed because he had failed to exhaust his state remedies. The second was dismissed for want of subject-matter jurisdiction. In neither case, therefore, was there a determination of the legality of his detention. As we shall see in discussing Dellenbach's main ground of appeal, it is not an abuse to file a successive petition if the previous petition or petitions were not denied on the merits; and that was the case here. So we move on to the main issue, which is whether the judge was entitled to dismiss the present petition without an evidentiary hearing.

■ It is natural to compare Rule 4 of the habeas corpus rules to Rule 12(b)(6) of the Federal Rules of Civil Procedure and to suppose therefore that if the petition alleges facts that if proved would establish the petitioner's entitlement to relief, it cannot properly be dismissed under Rule 4. That is not the approach the courts have taken. Recognizing that habeas corpus is an extraordinary remedy, especially when invoked by a state prisoner seeking to enlist the aid of a federal judge to upend his conviction, the courts require that the petition cross some threshold of plausibility before they will require the state to answer. "A hearing is not necessary if the petitioner makes conclusory or speculative allegations rather than specific factual allegations." *Daniels v. United States*, 54 F.3d 290, 293 (7th Cir.1995).

■ There is another, and we think compelling, reason for this double standard besides the exceptional character of a collateral attack on a conviction. When a suit is dismissed because the complaint fails to state a claim (Rule 12(b)(6)), the dismissal is with prejudice, and the filing of a new suit to vindicate the claim will be met with the defense of res judicata. Res judicata does not apply to habeas corpus. *Whitlock v. Godinez*, 51 F.3d 59, 61 (7th Cir.1995). Its place is taken by the concept of abuse of the writ. *Id.;* 28 U.S.C. § 2244. The concept is statutory, and the statutory conditions must be honored. When a petition for habeas corpus is dismissed not because it fails to state a claim or otherwise lacks merit but merely because the petitioner has not presented adequate substantiation of his claim to cross what we have referred to as the threshold of plausibility, the filing of a successive petition cannot be barred as an abuse of the writ, because there has not yet been a determination of the legality of the petitioner's detention. 28 U.S.C. § 2244(a). The Supreme Court made that clear in *Sanders v. United States*, 373 U.S. 1, 19, 83 S.Ct. 1068, 1079, 10 L.Ed.2d 148 (1963): the denial of a section 2255 motion (the federal prisoner's habeas corpus substitute) "because it stated only bald legal conclusions with no supporting factual allegations ... was not on the merits." We have explained that "the prisoner in *Sanders* was allowed a hearing because his first petition was dismissed as a deficient pleading." *Whitlock v. Godinez, supra*, 51 F.3d at 63. See also *Hill v. Lockhart*, 894 F.2d 1009, 1010 (8th Cir.1990) (en

banc); *United States v. Donn,* 661 F.2d 820, 823–24 (9th Cir.1981) (per curiam).

It follows that if a petition for habeas corpus is denied merely because it is implausible given the lack of detailed allegations or supporting documentation, the petitioner may refile it with additional allegations or documentation that will persuade the judge that the petition has enough merit to justify requiring the respondent to answer. Dismissal on the basis of a deficiency in the pleadings, rather than on the basis of an adjudication on the merits, *Whitlock v. Godinez, supra,* 51 F.3d at 63; *Williams v. Armontrout,* 855 F.2d 578 (8th Cir.1988), is not a death knell. Therefore district judges need not be so liberal as they would have to be with a complaint governed by the ordinary civil rules rather than by the special rules for state prisoners' habeas corpus proceedings. If, after the petition has been refiled with all the allegations and supporting materials that the petitioner can muster, it is plain that he has no claim—that his detention by the state authorities is legal—section 2244(a) kicks in and should he refile the petition the judge (whether the same judge or another judge) will not be obliged to consider it.

The threshold of plausibility is not susceptible of precise demarcation. If the petition seems extremely unlikely to have any merit, the judge can dismiss it under Rule 4. Beyond that we do not think the labor of definition would be fruitful. Nor necessary to decide the present case, which fits comfortably the test that we have sketched. The petitioner, Dellenbach, claims that he was framed by the state prosecutor in retaliation for Dellenbach's having complained to the FBI that the prosecutor had tried to extract a bribe from him. Despite his claim of having brought the matter of the attempted bribery to the attention of the FBI, Dellenbach did not mention the bribe or the frame-up either during his trial or in his appeal from his conviction. Instead, he skipped town before sentencing and was not caught for two years, when he was found living in another state under an assumed name. The petition is unaccompanied by any tenders of proof. Despite all this, it is conceivable that what Dellenbach claims to have happened did happen. History records many strange events, including cases of prosecutorial corruption and convictions of defendants who have been framed. But the circumstances make Dellenbach's charges so improbable that the district judge was justified in dismissing the petition under Rule 4. If Dellenbach files a new petition, one that provides some basis for believing that his charges are true, he will not be barred by 28 U.S.C. §§ 2244(a) or (b).

The remaining issues need not detain us for too long. Although an indigent civil litigant in federal court has no constitutional or statutory right to the appointment of counsel, even if he is challenging a criminal conviction as by a proceeding such as this for habeas corpus, the court may request an attorney to represent the litigant. 28 U.S.C. § 1915(d). And the court's refusal to make such a request can be reversed as an abuse of discretion if, given the difficulty of the case in relation to the petitioner's competence to represent himself, the petitioner could not have obtained justice without the aid of a lawyer, could not have obtained a lawyer on his own, and would have had a reasonable chance of winning his case had he had a lawyer. *Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir.1993); *Zarnes v. Rhodes,* 64 F.3d 285, 288–89 (7th Cir.1995). But as the only issues in the case appear to be factual ones, it does not appear that a lawyer's assistance was essential to Dellenbach's pressing his claim effectively, although it would no doubt have been helpful. In addition, the extreme implausibility of the claim makes it flunk the third condition, that there be some reasonable probability that, aided by a lawyer, the claimant would have won his suit.

Lack of a lawyer did not prevent Dellenbach from requesting pretrial discovery under the authority of Rule 6 of the habeas corpus rules and also that the record be supplemented with the transcript of his criminal trial. But the request for discovery, encompassing as it did all documents relating to the indictment, the victims of the crime, the prosecutor, and others, was overbroad, while the relevance of the transcripts was not demonstrated.

We acknowledge that by upholding the denial of a hearing on the ground that Dellenbach failed to substantiate his wild story of prosecutorial misconduct, and also upholding the denial of discovery which might have brought some substantiating facts to light *and* the denial of counsel who might have helped Dellenbach frame a properly focused request for pretrial discovery, we may have stymied Dellenbach in his effort to show that he really was framed. But as we said earlier, he is not precluded from filing another petition, and he can accompany one with a narrower request for discovery. It is apparent from his submissions to date that he knows enough federal civil procedure to be able to cut down the request to manageable scope and also to be able to draft a sufficient pleading if as we doubt his claim has any merit.

AFFIRMED.