82 F.3d 420
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Melvin SHELTON, Petitioner-Appellant,
v.
Donald GUDMANSON, Warden, Oshkosh Correctional Institute,
Respondent-Appellee.
 No. 94-3384.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 19, 1996.*
Decided April 11, 1996.
 
 Before FLAUM, EASTERBROOK and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Melvin Shelton, currently confined at the Oshkosh Correctional Institution in Oshkosh, Wisconsin, brought this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging his 1987 conviction for first degree sexual assault on the grounds that his trial court counsel was constitutionally deficient. The district court summarily dismissed Shelton's petition as frivolous, see Rule 4, Rules Governing Section 2254 Cases in United States District Courts. Shelton appealed (Appellate Number 94-2290) but we declined to issue a certificate of probable cause.
 
 
 2
 Shelton then filed an amended petition for habeas corpus relief and moved for discovery. Reading his petition liberally, Bagola v. Kindt, 39 F.3d 779, 780-81 (7th Cir.1994), Shelton raised four claims: (1) his counsel was ineffective for failing to call alibi witnesses and for failing to raise arguments involving the identification of semen found on the victim's underwear, the intoxication of the victim's mother, and the victim being unsupervised for an extended period of time before the assault; (2) he never received his Miranda warnings upon arrest; (3) the evidence at trial was insufficient to convict him; and (4) he suffers from chronic undifferentiated schizophrenia which rendered him unable to effectively participate in his defense. He also requested discovery and comparative testing of his DNA and the semen on the victim's underwear. The district court summarily dismissed Shelton's amended petition finding that it "suffer[ed] from the same infirmities as the original petition."
 
 
 3
 First we must consider the procedural history to determine whether Shelton timely filed his notice of appeal. After the district court summarily dismissed his petition, Shelton filed an amended petition to cure the defects of the original petition. The district court implicitly interpreted this filing as a Rule 60(b) motion and granted reconsideration. It then addressed the merits of Shelton's amended petition, concluding that the petition lacked merit, and issued a new judgment on Shelton's amended petition. This order was entered on April 25, 1994. Shelton brought a Rule 60(b) motion on May 18, 1994, which the district court denied on September 7, 1994. Shelton filed an amended Rule 60(b) motion on September 21, 1994, which the district court denied on September 29, 1994. Shelton then filed a notice of appeal on October 7, 1994. Thus we have appellate jurisdiction only to review the district court's denial of Shelton's last two 60(b) motions and do not have jurisdiction to review the underlying judgment. See Fed.R.App.P. 4(a)(1) (notice of appeal must be filed within 30 days of judgment or order from which party appeals); Williams v. United States Drug Enforcement Agency, 51 F.3d 732, 734-35 (7th Cir.1995) (Rule 60(b) does not toll the time for filing a notice of appeal); Lee v. Village of River Forest, 936 F.2d 976, 979 (7th Cir.1991) (jurisdiction only to review Rule 60(b) order when notice of appeal filed past thirty days of the judgment but within 30 days of the 60(b) order)).
 
 
 4
 In construing the district court as having implicitly granted a Rule 60(b) motion and reviewing the merits of his amended petition, we note that this reading accords with our holdings in Camp v. Gregory and Dellenbach v. Hanks. In Camp, the appellant had brought a DeShaney claim against a caseworker for the Illinois Department of Children and Family Services, which the district court dismissed, and then filed an amended complaint which the district court construed as a Rule 60(b) motion and a motion for leave to file an amended complaint. We found that, although the district court was not obligated to interpret the request to amend the complaint as a Rule 60(b), such an interpretation was appropriate under Federal Rule of Civil Procedure 15(a) which allows a plaintiff the right to amend a petition once as a matter of law. Camp v. Gregory, 67 F.3d 1286, 1289-91 (7th Cir.1995).
 
 
 5
 Dellenbach makes a stronger case for liberal construction of amended petitions in the context of habeas corpus proceedings. In Dellenbach, we first noted that unlike other civil actions, "res judicata does not apply to habeas corpus." Dellenbach v. Hanks, 76 F.3d 820, 822 (7th Cir.1996). That doctrine has been replaced by the concept of abuse of the writ. Thus, when a petition is dismissed under habeas corpus proceedings, the dismissal is without prejudice.
 
 
 6
 When a petition for habeas corpus is dismissed not because it fails to state a claim or otherwise lacks merit but merely because the petitioner has not presented adequate substantiation of his claim to cross what we have referred to as the threshold of plausibility, the filing of a successive petition cannot be barred as an abuse of the writ, because there has not yet been a determination of the legality of the petitioner's detention.
 
 
 7
 Id. This is the situation Shelton presents. He raised claims of ineffective assistance of counsel, sufficiency of the evidence, police misconduct, and mental competence. None of these issues are jurisprudentially meritless. The question resolved by the district court was whether Shelton presented sufficient evidence to cross the "threshold of plausibility." Thus, Shelton was permitted to refile a new petition with additional allegations or documentation which might persuade the district court that his petition had enough merit to justify directing the respondent to answer. By allowing Shelton to amend his petition rather than having him file a new petition, the district court foretold the requirements of Dellenbach and acted in the interests of judicial economy.
 
 
 8
 However, Shelton did not timely file his notice of appeal. Thus our review is constrained to the district court's denial of his motion to reconsider. See Stafford v. Mesnik, 63 F.3d 1445, 1450 (7th Cir.1995). A motion to set aside judgment under Rule 60(b) is an extraordinary remedy designed to address mistakes attributable to special circumstances. Our review of the district court's decision is exceptionally deferential. Williams, 51 F.3d at 735. "We review for abuse of discretion, and the district court's order stands unless no reasonable person could have acted as the judge did." United States v. Golden Elevator, Inc., 27 F.3d 301, 303 (7th Cir.1994). The district court did not abuse its discretion by refusing to grant Shelton's Rule 60(b) motion. Shelton did not present evidence of excusable neglect, newly discovered evidence, or any other reason which would warrant reconsideration of the judgment. Fed.R.Civ.P. 60(b). We note, however, that Shelton's dismissal is without prejudice. "Dismissal on the basis of a deficiency in the pleadings, rather than on the basis of an adjudication on the merits, is not a death knell." Dellenbach, 76 F.3d at 823 (internal citations omitted). Under Dellenbach, then, Shelton could file a third petition restating his allegations in further detail, and substantiating those allegations with all of the supporting materials (for example, affidavits and portions of the trial record) available to him, without abusing the writ. See id. at 822. (He may also identify any handicaps that hamper his ability to state his claims.) Because our review in this appeal has been limited to the denial of Shelton's motion to reconsider, we express no opinion on whether the allegations in Shelton's earlier petitions were sufficient to cross the "threshold of plausibility" we referenced in Dellenbach. See id. at 823. But in the event that Shelton does file a third habeas petition, we urge the district court to take care in evaluating the allegations of that petition. Rule 4 does not require that a petitioner allege a claim that is likely to succeed, but only that his assertions are sufficiently plausible on their face, or, in the alternative, are substantiated by the materials he has submitted in support of his claim, to require an answer from the respondent. So long as the petitioner has made allegations that are within the realm of plausibility, or has tendered proof rendering seemingly frivolous allegations plausible, his petition may not be dismissed out of hand under Rule 4. If the district court, in the event Shelton files a third petition, is convinced that the allegations and supporting materials are still not sufficient to survive scrutiny under Rule 4, then the court should detail the reasons for its conclusion.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record