BARBARA G. KELLEY *vs.* DAVID B. KELLEY (and a companion case). March 31, 1978. The parties to this action were divorced by a decree nisi which was entered on January 29, 1974, and became absolute on July 28, 1974. An agreement executed by the parties was incorporated into and made a part of the decree by reference. On November 6, 1975, the plaintiff filed a complaint in the Probate Court alleging that the defendant had violated several provisions of the decree and agreement, and asking that he be required to appear and show cause why he should not be adjudged in contempt of the court by reason thereof. Although the complaint has not yet been heard on its merits, the interlocutory proceedings thereon have included two orders by a judge of the Probate Court requiring the defendant to pay the plaintiff specified sums for her legal fees and costs in prosecuting the complaint. The defendant appealed to the Appeals Court from each order and we ordered both appeals transferred to this court.

1. The first appeal was from an order entered on November 2, 1976, requiring the defendant to pay the plaintiff the sum of $1,808.13. This was entered without notice to the defendant or opportunity for him to be heard. The defendant contends that the order violates the Massachusetts Rules of Domestic Relations Procedure 6 (c) (1975), as well as his constitutional right to due process of law. We need not consider or decide these contentions for the reasons stated below.

2. On August 3, 1977, while the first appeal was still pending in the Appeals Court, the judge of the Probate Court entered a new order which (a) vacated the order of November 2, 1976, and (b) ordered the defendant to "pay into Court . . . the sum [of $1,808.13] previously ordered to be paid to the attorney for the plaintiff . . . and an additional sum of [$600.00] . . . for a total sum of [$2,408.13] forthwith." The order of November 2, 1976, having thus been vacated, the defendant's appeal therefrom was rendered moot. However, the defendant then appealed from the new order, contending that (a) the Probate Court is without authority to order the defendant to pay money into court toward the legal fees and expenses of the plaintiff in prosecuting her complaint for contempt, and (b) if the court has such authority, the plaintiff's own income is such that she has not demonstrated the need for such an order against the defendant.

On the first point the defendant seems to rely on our decision in *Wallace* v. *Wallace*, 273 Mass. 62, 65 (1930), in which we held that "[t]he provision of G. L. c. 208, § 38, giving the court authority, in proceedings under the chapter, to 'award costs in its discretion,' applies to taxable costs of suit and not to other expenses or counsel fees." However, he has apparently either overlooked or ignored the fact that G. L. c. 208, § 38, was amended by St. 1933, c. 288, to read: "In any proceeding under this chapter, whether original or subsidiary, the court may, in its discretion, award costs *and expenses, or either,* to either party, whether or not the marital relation has terminated. In any case wherein costs and expenses, or either, may be awarded hereunder to a party, they may be awarded to his or her counsel, or may be apportioned between them" (emphasis supplied). In *House* v. *House*, 368 Mass. 120, 122 (1975), we referred to the 1933 amendment as follows: "Since that amendment we have acknowledged that under § 38 'the court now undoubtedly has power to award costs and expenses, which may include counsel fees, and may order them to be paid to counsel for the opposing party.' *Hayden* v. *Hayden,* 326 Mass. 587, 594-595 (1950)." *Nelon* v. *Nelon,* 329 Mass. 643 (1953). We have no doubt that in appropriate circumstances a judge of a Probate Court has the power and authority to order one spouse or former spouse to pay a reasonable sum into court to enable the other spouse or former spouse to retain counsel to prosecute or defend a complaint for contempt for alleged violation of a provision of a divorce decree.

We do not consider or attempt to decide the defendant's second contention that the plaintiff has not demonstrated that her financial condition is such that the defendant should be ordered to pay for her costs and counsel fees. We are unwilling to countenance a situation where a complaint for contempt alleging important matters which required prompt attention in relation to the dental care and higher education of a son of the parties has been allowed to remain untried on the merits for more than two years while counsel engage in legal sparring or dueling which to this

date has produced one order for the defendant's payment of $2,408.13 for the plaintiff's legal fees and expenses, and a motion by the plaintiff for a further order for the payment of the additional sum of $1,058.75 for such fees. We believe that the complaint for contempt should be tried on its merits forthwith, and that the question of the need for and the amount of reasonable counsel fees and costs should be determined by the judge who hears the complaint, unhampered by any interim orders on fees and costs, and that this can best be done by a judge who has not heretofore had any connection with these cases.

3. Accordingly, we hereby order as follows: (a) that the defendant's appeal from the order of November 2, 1976, is dismissed as moot; (b) that the order of August 3, 1977, ordering the defendant to pay the sum of $2,408.13 into court for the plaintiff's costs and legal fees is vacated; (c) that the cases are remanded to the Probate Court for the prompt hearing and determination of the complaint for contempt filed by the plaintiff on November 6, 1975, such hearing and determination to be by a judge of probate who has not heretofore been involved in any phase of these cases; and (d) that all questions of legal fees and costs to which any party may be entitled in connection with said complaint for contempt be determined by the judge who hears and disposes of said complaint.

4. We neither express nor intimate any opinion on the question whether either of the appeals is properly before us at this stage of the probate proceedings.

*So ordered.*

*Edward M. Mahlowitz* for the defendant.
*Ruth R. Budd* for the plaintiff.