LARNZIE PORTER *vs*. COMMONWEALTH. October 9, 1985. *Bail. Moot Question. Practice, Criminal*, Bail.

The Commonwealth has moved to dismiss the petitioner's appeal. We dismiss the appeal on the ground of mootness.

We recite the facts as asserted by the petitioner.[1] The petitioner was charged with the crimes of rape, kidnapping, and robbery. After a probable cause hearing, bail was set at $75,000 with surety or a ten per cent cash alternative. The petitioner did not make the bail at that time, but arrangements were being made to meet the requirement. The petitioner was indicted and, when he appeared in the Superior Court for arraignment, bail was set by a Superior Court judge at $150,000 with surety or a ten per cent cash alternative, even though there had been no changed circumstances. The petitioner sought relief before a single justice of this court. Relief was

---

[1] The Commonwealth does not agree with all the petitioner's assertions, and we assume that the Commonwealth in particular disagrees with the petitioner's claim that "there had been no changed circumstances." Nevertheless, for the purpose of ruling on the motion to dismiss, we accept the facts as asserted in the petitioner's brief.

denied; the petitioner appealed. The case was entered in the full court on April 16, 1985. On April 26, 1985, the petitioner filed his brief. He also filed a motion to expedite the appeal, and the petitioner asserts that the matter was not expedited because of delays caused by the Commonwealth. Subsequently, in August of 1985, trial was held in the Superior Court on the indictments against the petitioner. The jury returned guilty verdicts on all charges. The trial judge revoked the prior bail order, held the petitioner without bail, and subsequently sentenced the petitioner to prison terms which he is now serving.

The petitioner argues that, by the terms of the applicable statute, G. L. c. 276, § 58 (1984 ed.), the Superior Court judge could not properly increase the bail absent changed circumstances. Citing *Commesso* v. *Commonwealth*, 369 Mass. 368, 371-372 (1975), he also asserts that a single justice of this court may review questions of law concerning bail set in the Superior Court, and that an appeal lies to the full court from an order of the single justice regarding bail. The Commonwealth responds that the bail issue is no longer viable, and that the appeal should be dismissed as moot. We agree. See *Kelley* v. *Kelley*, 374 Mass. 826, 827 (1978).

The petitioner also argues that, even if the matter is moot, we should resolve the issue (whether bail may be increased absent changed circumstances) as one which is capable of repetition yet evading review. On occasion we have been willing to resolve such issues, despite mootness. *First Nat'l Bank* v. *Haufler*, 377 Mass. 209, 211 (1979). "An issue apt to evade review is one which tends to arise only in circumstances that create a substantial likelihood of mootness prior to completion of the appellate process." *Id*. There is no showing of such circumstances here. The delaying factors to which the petitioner points as the cause of his inability to gain full court review before mootness occurred need not arise in any similar case so as to prevent expeditious full court review.

*Appeal dismissed.*

*Michael J. Traft*, Assistant District Attorney, for the Commonwealth.
*Willie J. Davis*, for the petitioner, submitted a brief.