Edward **PALMARIELLO**,
Petitioner, Appellant,

v.

**SUPERINTENDENT OF M.C.I.
NORFOLK**, Respondent,
Appellee.

No. 88–1420.

United States Court of Appeals,
First Circuit.

Heard Dec. 5, 1988.

Decided May 3, 1989.

Ellen K. Wade with whom Anne I. Seidel and Avery & Friedman, Boston, Mass., were on brief for petitioner, appellant.

Robert M. Mendillo, Asst. Atty. Gen., Crim. Bureau, with whom James M. Shannon, Atty. Gen., Boston, Mass., was on brief, for respondent, appellee.

Before CAMPBELL, Chief Judge, COFFIN and SELYA, Circuit Judges.

SELYA, Circuit Judge.

On October 15, 1982, a Massachusetts jury convicted Edward Palmariello of first degree murder in connection with the death of his mother, Marion. His appeal to the

Supreme Judicial Court (SJC) gained him no relief. *Commonwealth v. Palmariello*, 392 Mass. 126, 466 N.E.2d 805 (1984). A year later he petitioned the United States District Court for the District of Massachusetts for habeas redress. His application raised five claims: insufficiency of the evidence; prosecutorial impropriety in closing argument; error in the jury instructions; error in evidentiary rulings; and prejudicial publicity. The district court refused to dismiss the petition for want of exhaustion, *Palmariello v. Supt., M.C.I., Norfolk*, No. 85–1994–Mc (D.Mass. Mar. 17, 1987), but later denied it on the merits. *Palmariello v. Supt., M.C.I., Norfolk*, No. 85–1994–Mc (D.Mass. Mar. 29, 1988). We affirm.[1]

### A. *Sufficiency of Evidence.*

■ Palmariello's sufficiency claim strikes us as little more than a protest that the jury abjured the evidentiary inferences he believes were most reasonable. It is not our obligation to reread the record from a petitioner's perspective. Instead, we must ask whether *"any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979) (emphasis in original). In this instance, a thorough review of the nisi prius roll reveals ample evidence to enable a thoughtful factfinder to discern intent, to infer premeditation, and to conclude that appellant participated in his mother's murder.

Because the SJC reviewed the proof against petitioner in some detail, *Commonwealth v. Palmariello*, 466 N.E.2d at 808–10, 815–17, we see no need to paint the lily. The evidence was plenteous, we think, for the jury to have believed that (1) petitioner's statements that he might someday kill his mother bespoke murderous intent; (2) Palmariello's comment on at least one occasion that he would await a more auspicious

moment to carry out a plan to kill Marion revealed premeditation; and (3) the testimony of the prosecution's medical experts was adequate to bottom an inference that Palmariello was present and participated in the heinous act. There was also evidence of coverup and guilty conscience which could well have served to bolster a conclusion reached on the basis of more elemental proof. The evidentiary sufficiency claim is meritless.

### B. *Prosecutorial Misconduct.*

■ The SJC dealt extensively (and correctly, we believe) with petitioner's grievances anent the prosecutor's summation. *Commonwealth v. Palmariello*, 466 N.E.2d at 810–12. We will not repastinate that ground. We do note that the most egregious of the claimed violations—involving the transmogrification of an evidentiary phrase in the prosecutor's closing from "what I did to my mother" to "killing my mother"—failed to draw an objection. Massachusetts, of course, has a contemporaneous objection rule. Thus, absent a showing of both "cause" for, and "prejudice" from, petitioner's noncompliance with the rule, collateral federal review is foreclosed. *Wainwright v. Sykes*, 433 U.S. 72, 86–87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977); *Puleio v. Vose*, 830 F.2d 1197, 1199 (1st Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1297, 99 L.Ed.2d 506 (1988); *McCown v. Callahan*, 726 F.2d 1, 3 (1st Cir.), *cert. denied,* 469 U.S. 839, 105 S.Ct. 139, 83 L.Ed.2d 78 (1984).

No cause has been shown. Surely, the mere assertion of attorney error is not enough. *Murray v. Carrier*, 477 U.S. 478, 486–90, 106 S.Ct. 2639, 2644–47, 91 L.Ed.2d 397 (1986). Nor did the SJC waive the point: we have repeatedly held that the SJC's review of an argument under the Commonwealth's discretionary miscarriage

---

1. The Commonwealth argues that Palmariello failed to exhaust his sufficiency-of-the-evidence and prosecutorial misconduct claims in state court. But, we do not take the bait for several reasons. First, respondent failed to make the exhaustion argument to the district court in a meaningful way. Second, the argument appears foreclosed by our recent decision in *Nad-*

*worny v. Fair*, 872 F.2d 1093, at 1101–1102 (1st Cir.1989). And in any event, "it is appropriate for the court of appeals to dispose of nonmeritorious [habeas] petitions without reaching the nonexhaustion issue." *Granberry v. Greer*, 481 U.S. 129, 135 n. 7, 107 S.Ct. 1671, 1675 n. 7, 95 L.Ed.2d 119 (1987).

of justice standard will not, in and of itself, work a waiver of the contemporaneous objection rule. *E.g., Puleio,* 830 F.2d at 1200; *McCown,* 726 F.2d at 3.

██ As for the remaining misconduct claims, *e.g.,* that the prosecutor improperly urged inferences from medical evidence and inflamed the jury with charged rhetoric, we see no error, constitutional or otherwise. The illations which the prosecutor suggested might well legitimately have been drawn by the jury, supported as they were by expert medical testimony. We agree with the SJC that: "Each of the three alleged misstatements was a proper inference from the evidence." *Commonwealth v. Palmariello,* 466 N.E.2d at 810. As to the supposedly inflammatory rhetoric, some went by the boards without objection, so the claim is to that extent procedurally defaulted. *See supra.* The rest, howsoever powerful, did no more than place the crime in context. A prosecutor is permitted vigorous advocacy, so long as he does not stray into forbidden terrain. After all, no defendant is entitled to a wholly sanitized description of the charged crime or to a prosecutorial summing-up confined to platitudes and euphemisms.

### C. *Jury Instructions.*

██ Petitioner's contention that the jury instructions were inadequate was also procedurally defaulted, no contemporaneous objection having been pressed in the state superior court. Moreover, as noted both by the SJC and by the district court, the claim is without evidentiary or argumentary warrant. Bluntly put, counsel provided at best a thin and strained foundation and failed to make accidental death an important issue. The trial judge's instruction was adequate for the jury to understand the distinction between accident and crime. As such, the instruction failed to "so infect[ ] the entire trial that the resulting conviction violate[d] due process."

*Cupp v. Naughten,* 414 U.S. 141, 146, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973).

### D. *Evidentiary Rulings.*

██ Palmariello's fourth ground, that some evidence was improperly excluded and some improperly admitted, need not detain us long. While general failure to admit evidence tending to show that near-violent verbal exchanges were mere commonplaces in the Palmariello household might have constitutionally prejudiced petitioner's right to mount a defense, no such general failure occurred. Whatever lack of success petitioner experienced in his efforts to introduce such evidence was a product of individual rulings based on the rules of evidence pertaining in the Commonwealth's courts. Habeas review does not ordinarily encompass garden-variety evidentiary rulings. *See, e.g., Burgett v. Texas,* 389 U.S. 109, 113–14, 88 S.Ct. 258, 261, 19 L.Ed.2d 319 (1967); *Lisenba v. California,* 314 U.S. 219, 228, 62 S.Ct. 280, 286, 86 L.Ed. 166 (1941). As we have said: "The federal judiciary holds no roving commission to monitor case-by-case compliance with rules of evidence...." *Puleio,* 830 F.2d at 1204. In this case, petitioner's objections to the trial court's evidentiary rulings do not implicate errors of constitutional dimension[2] and, therefore, are not "proper grist for the federal habeas mill." *Id.*

### E. *Publicity.*

Finally, Palmariello argues that sensationalist publicity in the local media during his trial may have impinged his right to a fair and impartial trial. But, he has mountainous obstacles to overcome. There was apparently considerable notoriety attached to the trial of this case, but nothing unprecedented. The trial judge exhibited commendable prudence, taking a series of steps reasonably well calculated to insure that the jurors remained sufficiently aloof from any media hype. He admonished the jury on a daily basis to read nothing, watch

---

**2.** While the admission of evidence of petitioner's threat against a third party may have hypothetical constitutional overtones, its impact was trifling at best. Not only was the error an isolated one but the evidence was so greatly overbalanced by other evidence that it could not have affected petitioner's substantial rights. We agree completely with the SJC that the error was harmless. *Commonwealth v. Palmariello,* 466 N.E.2d at 814.

nothing, and listen to nothing concerning the proceedings. The next morning, he would ask a follow-up question to the jury as a whole, inquiring whether they had seen or heard anything of consequence. And, the record reveals other warnings, coupled with individualized questioning of jurors on occasion, calculated to ferret out potential prejudice.

■ We have acknowledged "that, an impartial jury is an integral component of a fair trial." *Neron v. Tierney*, 841 F.2d 1197, 1200–01 (1st Cir.), *cert. denied*, — U.S. ——, 109 S.Ct. 90, 102 L.Ed.2d 66 (1988). Yet, the Constitution guarantees a defendant the right to a jury which is nonaligned, not one "totally ignorant of the facts and issues involved." *Murphy v. Florida*, 421 U.S. 794, 800, 95 S.Ct. 2031, 2036, 44 L.Ed.2d 589 (1975); *Irvin v. Dowd*, 366 U.S. 717, 722, 81 S.Ct. 1639, 1642, 6 L.Ed.2d 751 (1961). As the Court has so incisively observed, a person accused of committing a grisly crime "cannot expect to remain anonymous." *Dobbert v. Florida*, 432 U.S. 282, 303, 97 S.Ct. 2290, 2303, 53 L.Ed.2d 344 (1977). There has been no showing of such massive, unbridled publicity here as would work a fifth, sixth, or fourteenth amendment violation.

■ Nor is there sufficient reason to doubt the impartiality of the talesmen who heard Palmariello's case and found him guilty. Our capacity to review the trial court's actions where juror bias is at issue is, in habeas jurisdiction, quite limited. Conscious of our role, we restrict ourselves to a single fundamental query, whether the procedures adopted by the state court were sufficient "to determine whether [further] jury inquiry was necessary to resolve questions of bias...." *Neron*, 841 F.2d at 1199 (question of bias based on juror's relationship with petitioner's relative).

The approach adopted by the state superior court appears to us adequate. Whether or not, in an ideal world, more could have been accomplished is not the question. *Cf., e.g., Ristaino v. Ross*, 424 U.S. 589, 597 n. 9, 96 S.Ct. 1017, 1022 n. 9, 47 L.Ed.2d 258 (1976) (voir dire inquiry disallowed by state court not constitutionally compelled even though, on direct appeal in federal court, disallowance would have comprised error). The procedure utilized in this instance was far from constitutionally infirm.

### F. *Conclusion.*

We need go no further. Palmariello has failed to demonstrate circumstances sufficient to rouse the affirmative exercise of our habeas powers. Because none of his assigned errors warrant federal habeas redress, the judgment of the district court is

*Affirmed.*