915 F.2d 1557
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Larnzie PORTER, Petitioner, Appellant,
v.
Norman BUTLER, Respondent, Appellee.
 No. 90-1394.
 United States Court of Appeals, First Circuit.
 Sept. 13, 1990.
 
 Appeal from the United States District Court for the District of Massachusetts; Rya W. Zobel, District Judge.
 Willie J. Davis with whom Davis & Robinson was on brief, for appellant.
 Sandra L. Hautanen, Assistant Attorney General, with whom James M. Shannon, Attorney General, was on brief, for appellee.
 D.Mass., 483 NE2d 472, 512 NE2d 949 and 517 NE2d 1289 T.
 AFFIRMED.
 Before BREYER, Chief Judge, VAN GRAAFEILAND,* Senior Circuit Judge and SELYA, Circuit Judge.
 PER CURIAM.
 
 
 1
 Following a jury trial, petitioner-appellant Larnzie Porter was convicted in a Massachusetts state court of six counts of aggravated rape and related charges of kidnapping, armed robbery, assault and battery, and the like. The Appeals Court affirmed the convictions, Commonwealth v. Porter, 24 Mass.App.Ct. 694, 512 N.E.2d 949 (1987), and the Supreme Judicial Court denied further appellate review, 401 Mass. 1101, 516 N.E.2d 1170 (1987).
 
 
 2
 Thereafter, Porter brought a petition for habeas review in the United States District Court for the District of Massachusetts, seeking to have his state conviction screened for federal constitutional error. 28 U.S.C. Secs. 2241-54. He alleged only a single ground to support vacation of the judgment, contending that the prosecutor's jury summation was so outrageously improper as to have rendered the trial fundamentally unfair.[1] The district court referred the petition to a United States magistrate for consideration, see Rule 10, 28 foll. Sec. 2254. After the Commonwealth filed an answer, and various procedural skirmishes, not now material, had been fought, the magistrate requested briefing, heard oral argument, and authored a lengthy rescript in which she found the ground asserted to be unavailing and recommended that the application be denied. See Porter v. Butler, Civ. No. 88-486-Z (D.Mass. Dec. 5, 1989). Petitioner objected to the report and recommendation, but the district court overruled the objections and entered judgment for the respondent. See Porter v. Butler, Civ. No. 88-846-Z (D.Mass. Apr. 16, 1990). This appeal ensued.
 
 
 3
 We have carefully reviewed the record and see no need to paint the lily or repastinate soil already laboriously tilled by both the state Appeals Court and the federal magistrate. The evidence against petitioner was strong and the prosecutor's improper oratory and gesticulations, though not to be condoned, did not, in the context of the trial as a whole, render the proceedings fundamentally unfair.[2] The challenged rhetoric, "though leaving a sour taste, did not irretrievably poison the well." United States v. Mejia-Lozano, 829 U.S. 268, 274 (1st Cir.1987).
 
 
 4
 We need go no further. For substantially the reasons stated in the magistrate's well-reasoned decision, the dismissal of the application for a writ of habeas corpus is
 
 
 5
 Affirmed.
 
 
 
 *
 Of the Second Circuit, sitting by designation
 
 
 [1]
 The Commonwealth urges that we dismiss the application for lack of exhaustion. But, in answering below, the respondent admitted that petitioner had fully exhausted state remedies. When the Commonwealth, many months later, tried to backtrack, the magistrate found waiver. Because we agree that this is a case where the "interests of comity and federalism will be better served by addressing the merits forthwith," Granberry v. Greer, 481 U.S. 129, 134 (1987), we decline the invitation to jettison the appeal on grounds of non-exhaustion
 
 
 [2]
 Appellant challenged two sets of comments. The first of these was a patent appeal to sympathy for the victim, accompanied by a dramatic gesture, and clearly improper. The second set of remarks, however, did not in our judgment go beyond the pale or, as Porter claims, come within the proscription of United States v. Young, 470 U.S. 1, 5-6, 18 (1985). A prosecutor, after all, "is permitted vigorous advocacy." Palmariello v. Supt. of M.C.I. Norfolk, 873 F.2d 491, 494 (1st Cir.1989)