CARE AND PROTECTION OF PERRY. January 31, 2003. *Parent and Child,* Custody. *Moot Question. Practice, Civil,* Moot case.

A judge in the Juvenile Court awarded temporary custody of Perry to the Department of Social Services (department). Perry's mother then requested a temporary custody (seventy-two hour) hearing pursuant to G. L. c. 119, § 24, but failed to appear for the hearing, having voluntarily admitted herself into a hospital detoxification facility. The judge denied the mother's request for a continuance (which was conveyed to the court through her counsel) and ruled that she had waived her right to the hearing. The mother filed a petition for relief under G. L. c. 211, § 3, with a single justice of this court, and appealed from the denial of that petition pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001).

During the pendency of her appeal, the Juvenile Court judge vacated his order denying the mother a seventy-two hour hearing, and held the hearing, with the mother's participation, over seven days in January and March, 2001. Subsequently, in November, 2001, and March, 2002, a trial on the merits of the department's care and protection petition regarding Perry took place, resulting in the return of his custody to the mother.

We note that the purpose of a seventy-two hour hearing is to enable the judge to determine whether a child will be in immediate danger of serious abuse or neglect if returned to his parents or custodian. G. L. c. 119, § 24. In this respect, the principal interest at stake is the child's immediate welfare. Such hearings should be held as promptly as possible to that end, and continuances sought by a parent or custodian for the purpose of delaying the proceeding for his or her own benefit are properly denied.

However, in these circumstances, we conclude that the mother's appeal is moot, see *Commonwealth* v. *Rape Crisis Servs. of Greater Lowell, Inc.,* 416 Mass. 190 (1993); *Kelley* v. *Kelley,* 374 Mass. 826, 827 (1978).

*Appeal dismissed.*

*Thomas Stylianos, Jr.,* for the mother.

*Virginia A. Peel,* Special Assistant Attorney General, for Department of Social Services, was present but did not argue.