NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-972

COMMONWEALTH

vs.

EDGARDO A. MERCED.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the defendant was convicted of carrying a loaded firearm without a license, assault with a dangerous weapon, carrying a firearm without a license, and discharging a firearm within 500 feet of a building.  On appeal, he claims that there was insufficient evidence that he possessed a firearm that met the definition provided by G. L. c. 140, § 121.  We affirm.

Discussion.  When analyzing whether the record evidence is sufficient to support a conviction, an appellate court is not required to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." Commonwealth v. Hartnett, 72 Mass. App. Ct. 467, 475 (2008),

quoting Commonwealth v. Velasquez, 48 Mass. App. Ct. 147, 152 (1999). Nor are we obligated to "reread the record from a [defendant]'s perspective." Palmariello v. Superintendent of M.C.I. Norfolk, 873 F.2d 491, 493 (1st Cir.), cert. denied, 493 U.S. 865 (1989). See Commonwealth v. Duncan, 71 Mass. App. Ct. 150, 152 (2008). Rather, the relevant "question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 318-319 (1979).

When evaluating sufficiency, the evidence must be reviewed with specific reference to the substantive elements of the offense. See Jackson, 443 U.S. at 324 n.16; Latimore, 378 Mass. at 677-678. To qualify as a firearm for purposes of G. L. c. 140, § 121, the Commonwealth must establish that the instrument in question (1) is a weapon; (2) is capable of discharging a shot or a bullet; and (3) has a barrel fewer than sixteen inches. See Commonwealth v. Tennison, 440 Mass. 553, 565 & n.15 (2003). Expert testimony is not required, see Commonwealth v. Tuitt, 393 Mass. 801, 810 (1985), and "the necessary element of operability may be proved by witness testimony and related circumstantial and corroborative

evidence."  Commonwealth v. Drapaniotis, 89 Mass. App. Ct. 267, 271 (2016).

Here, the evidence, in the light most favorable to the Commonwealth, demonstrated that after the defendant threatened to kill the victims, he retrieved from his waist area an item that looked like a gun ("just like" guns that one of the victims had seen police officers carrying), and he pointed it at them. The defendant then pointed the gun over the victims' heads toward the sky and fired it; the noise was loud and sounded "[l]ike a gun."  After the gun was fired, one victim saw something come out of the gun and land on the ground.  Shortly after the shot was fired, the police found a spent cartridge casing on the ground in the area where the defendant stood when the incident occurred.[1]

Even more compelling than the testimony was the surveillance video provided to the jury.  The video clips depict the defendant arriving at the scene and gesturing at the victims in an animated fashion.  He then retrieves a black object from his waist area, points it at the victims, re-aims it above their heads, and discharges it.  The other people in the defendant's

_____

[1] It was a single Smith and Wesson .40 caliber discharged cartridge casing, and it had "typical marks that [were] consistent with th[e] cartridge having been fired from a firearm."

3

immediate area react in a startled manner, and the defendant leaves the area.

From this evidence, and from the reasonable inferences to be drawn from it, the jury could rationally conclude that the defendant possessed a firearm.  See Commonwealth v. Housewright, 470 Mass. 665, 680 (2015); Tennison, 440 Mass. at 565.  Also, that the defendant fired the gun "meets the standard of proof of operability."  Drapaniotis, 89 Mass. App. Ct. at 272.  Finally, the jury were entitled to find that the gun's barrel was fewer than sixteen inches long based on the victims' testimony, the video evidence depicting the weapon itself, and the fact that the defendant retrieved it from his waist with one hand. Accordingly, the evidence was sufficient to establish that the defendant possessed a firearm that satisfied the requirements of G. L. c. 140, § 121.

Judgments affirmed.

By the Court (Meade, Walsh & Smyth, JJ.[2]),

*Paul Little*

Clerk

Entered:  October 25, 2024.

---

[2] The panelists are listed in order of seniority.

4