NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-485

COMMONWEALTH

vs.

DAVID J. LARKIN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the defendant was convicted of his third offense of operating a motor vehicle while under the influence of alcohol (OUI) and leaving the scene of an accident after causing property damage. On appeal, he claims there was insufficient evidence to support his OUI conviction, and that the judge's failure to instruct the jury on the proper use of a prior inconsistent statement created a substantial risk of a miscarriage of justice. We affirm.

1. Sufficient evidence. When analyzing whether the record evidence is sufficient to support a conviction, an appellate court is not required to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable

doubt." Commonwealth v. Hartnett, 72 Mass. App. Ct. 467, 475 (2008), quoting Commonwealth v. Velasquez, 48 Mass. App. Ct. 147, 152 (1999). Nor are we obligated to "reread the record from a [defendant]'s perspective." Palmariello v. Superintendent of M.C.I. Norfolk, 873 F.2d 491, 493 (1st Cir.), cert. denied, 493 U.S. 865 (1989). See Commonwealth v. Duncan, 71 Mass. App. Ct. 150, 152 (2008). Rather, the relevant "question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 318-319 (1979).

When evaluating sufficiency, the evidence must be reviewed with specific reference to the substantive elements of the offense. See Jackson, 443 U.S. at 324 n.16; Latimore, 378 Mass. at 677-678. In the circumstances of this case, to establish the defendant's guilt of OUI in violation of G. L. c. 90, § 24 (1) (a) (1), the Commonwealth was required to prove that the defendant (1) operated a motor vehicle, (2) on a public way, (3) while under the influence of alcohol. See Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392 (2017); Commonwealth v. Palacios, 90 Mass. App. Ct. 722, 728 (2016). In this appeal, the defendant challenges only the element of operation.

2

Here, in the light most favorable to the Commonwealth, the jury were entitled to find that the erratically driven car that caused the property damage in the parking lot was registered to the defendant.  See Commonwealth v. Petersen, 67 Mass. App. Ct. 49, 52 (2006).  After the collision, a witness followed the car a short distance to the condominium complex where the defendant lived, and the car was parked in a parking spot designated for the defendant's address.[1]  See Commonwealth v. Lavendier, 79 Mass. App. Ct. 501, 506-507 & n.6 (2011).  The car was missing its grill and had heavy front-end damage.  Shortly after the accident, the police found the intoxicated defendant in his residence asleep on a couch.  He agreed to take a breathalyzer test.  See Commonwealth v. O'Connor, 420 Mass. 630, 632 (1995).  The defendant admitted that he had been driving, but denied that he was drinking at the time.  See Commonwealth v. Lagotic, 102 Mass. App. Ct. 405, 408 (2023).

From all of these circumstances, and the reasonable inferences to be drawn therefrom, the jury were entitled to find that the defendant operated the car in question.  See Petersen, 67 Mass. App. Ct. at 52 ("[p]roof of operation of a motor vehicle may rest entirely on circumstantial evidence" [quotation

---

[1] The defendant's father knew of only one instance when the defendant lent his car to another person.

and citation omitted]).  "To the extent that conflicting inferences are possible from the evidence, 'it is for the jury to determine where the truth lies.'"  Commonwealth v. Wilborne, 382 Mass. 241, 245 (1981), quoting Commonwealth v. Amazeen, 375 Mass. 73, 81 (1978).  See Commonwealth v. Drew, 4 Mass. App. Ct. 30, 32 (1976) ("Whether an inference is warranted or is impermissibly remote must be determined, not by hard and fast rules of law, but by experience and common sense").  Accordingly, the motion for a required finding of not guilty was properly denied.

2.  Prior inconsistent statement.  The defendant also claims that the judge's failure to instruct the jury that the defendant's father's prior inconsistent statement was admitted for impeachment alone, and not for its truth, created a substantial risk of a miscarriage of justice.[2]  We disagree.

Here, at trial, the defendant's father testified that the defendant was asleep on the couch when the father first awoke.  However, when the police first interviewed the father, he told an officer that, when he awoke, the defendant was not present

---

[2] In his brief, the defendant claimed this error was preserved by his request for the instruction, but, at oral argument, he properly conceded that the mere request, without having objected when the instruction was not given, did not preserve the claim.  See Commonwealth v. Arias, 84 Mass. App. Ct. 454, 463 (2013).

but arrived shortly thereafter. That officer testified to the prior inconsistent statement. The parties agree, as do we, that it was error for the judge to not instruct the jury that the officer's hearsay testimony was being admitted for impeachment purposes and that it was not to be considered for its truth.

To determine whether the failure to give the instruction created a substantial risk of a miscarriage of justice, and keeping in mind that "[e]rrors of this magnitude are extraordinary events and relief is seldom granted," Commonwealth v. Randolph, 438 Mass. 290, 297 (2002), we ask four questions:

> "(1) Was there error? (2) Was the defendant prejudiced by the error? (3) Considering the error in the context of the entire trial, would it be reasonable to conclude that the error materially influenced the verdict? (4) May we infer from the record that counsel's failure to object or raise a claim of error at an earlier date was not a reasonable tactical decision?"

Id. at 298 (citations omitted). "Only if the answer to all four questions is 'yes' may we grant relief." Id. See Commonwealth v. Russell, 439 Mass. 340, 345 (2003); Commonwealth v. Coutu, 88 Mass. App. Ct. 686, 693 (2015).

Although we can answer "yes" to questions 1 and 4, the negative responses to the remaining two portends our outcome. Contrary to the defendant's claim, the Commonwealth constructed a strong circumstantial case that supported the defendant's OUI conviction. That evidence was buttressed with the defendant's admission that he had been driving, which was presented to the

5

jury in the booking video, and that video was shown again in the prosecutor's closing argument. Although the judge did not give the requested instruction, defense counsel in her closing argument told the jury that the judge would instruct them that the statement at issue was offered only to help them assess the defendant's father's credibility. Similarly, the prosecutor argued in his closing that the jury should employ the prior inconsistent statement to assess whether the father's trial testimony should be believed.

Despite the parties' proper utilization of the statement, the defendant claims that a jury question "makes it impossible to be sure that . . . [the] statement did not influence the jury." The jury's question was: "In [the police officer's] testimony, what was [the defendant's father's] response about the whereabouts about [the defendant] when approached by him at the condo?" Putting aside the jumbled nature of the question, we do not share the sense of purpose the defendant ascribes to it. Rather, taken literally, the jury was asking for the judge to recount the officer's testimony regarding the defendant's father. Indeed, the judge stated that he was being "asked to refresh their memory of testimony, which [the judge was] not inclined to do." Although defense counsel thought the question implied that the jury sought to improperly use the impeachment statement for its truth, she nonetheless agreed that the judge's

6

response should tell the jury to rely on their memory of the testimony.  In the end, the defendant neither established that he was prejudiced by the error, nor that it would be reasonable to conclude that the error materially influenced the verdict given the strong circumstantial evidence of operation and the jury's apparent inability to remember what the officer's statement had been.  See Randolph, 438 Mass. at 298.

Judgments affirmed.

By the Court (Meade,
  Hodgens & Toone, JJ.[3]),

Clerk

Entered:  May 21, 2025.

---

[3] The panelists are listed in order of seniority.