NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-74

COMMONWEALTH

vs.

ERIC MCANDREW.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the defendant was convicted of disorderly conduct.  On appeal, he claims there was insufficient evidence to support his conviction.  We affirm.

When analyzing whether the record evidence is sufficient to support a conviction, an appellate court is not required to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt."  Commonwealth v. Hartnett, 72 Mass. App. Ct. 467, 475 (2008), quoting Commonwealth v. Velasquez, 48 Mass. App. Ct. 147, 152 (1999).  Nor are we obligated to "reread the record from a [defendant]'s perspective."  Palmariello v. Superintendent of M.C.I. Norfolk, 873 F.2d 491, 493 (1st Cir.), cert. denied, 493 U.S. 865 (1989).

See Commonwealth v. Duncan, 71 Mass. App. Ct. 150, 152 (2008). Rather, the relevant "question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979).

When evaluating sufficiency, the evidence must be reviewed with specific reference to the substantive elements of the offense. See Jackson, 443 U.S. at 324 n.16; Latimore, 378 Mass. at 677-678. To sustain the defendant's conviction for disorderly conduct pursuant to G. L. c. 272, § 53, the Commonwealth had to prove three elements: (1) that the defendant involved himself in at least one of the following actions, (a) he engaged in fighting or threatening, (b) he engaged in violent or tumultuous behavior, or (c) he created a hazardous or physically offensive condition by an act that served no legitimate purpose; (2) that the defendant's actions were reasonably likely to affect the public; and (3) that the defendant either intended to cause public inconvenience, annoyance, or alarm, or recklessly created a risk of public inconvenience, annoyance, or alarm. See Commonwealth v. Accime, 476 Mass. 469, 472-473 (2017); Commonwealth v. Cooper, 100 Mass. App. Ct. 345, 351 (2021).

2

Here, the Commonwealth proceeded on the theory that the defendant had engaged in tumultuous behavior. "'Tumultuous' conduct, 'while perhaps not physically violent, may nevertheless be characterized as involving riotous commotion and excessively unreasonable noise so as to constitute a public nuisance.'" Commonwealth v. Sholley, 432 Mass. 721, 729 (2000), cert. denied, 532 U.S. 980 (2001), quoting Commonwealth v. A Juvenile, 368 Mass. 580, 597 (1975). Also, "tumultuous behavior," for the purposes of § 53, may include "the refusal to obey a police order." Commonwealth v. Marcavage, 76 Mass. App. Ct. 34, 38 (2009), cert. denied, 562 U.S. 891 (2010).

In the light most favorable to the Commonwealth, the jury were entitled to find that the defendant was told, given the Supreme Judicial Court's mask mandate, that it was not lawful for him to enter the courthouse without a face mask despite his assertion that he did not have to wear one. The defendant claimed that he had a medical exemption, and he asked to speak to the supervising court officer. When the defendant was asked to wait outside the building until someone could assist him with his purported medical exception, he refused and demanded entrance into the courthouse without a face mask. In the course of his discussion with the defendant, Assistant Chief Court Officer Curt ordered the defendant to exit the building more than ten times during this incident. When Curt attempted to

3

escort the defendant out of the courthouse by guiding him by his elbow, the defendant pulled his arm back sharply, and told Curt to not touch him and to get his hands off him. As the defendant became combative, he was taken to the floor and handcuffed with the assistance of other court officers.

By disobeying the court officer's repeated orders to leave the building, the defendant interfered with the court officers' ability to maintain security in the courthouse. See Marcavage, 76 Mass. App. Ct. at 38. The disruptive nature of the defendant's conduct in the setting of a courthouse made his behavior "far more damaging to public order" than had he done those same actions outside or, "for example, [at] a sporting event." Sholley, 432 Mass. at 730. From these circumstances, the jury were entitled to find that the defendant engaged in violent or tumultuous behavior; that his actions were reasonably likely to affect the public; and that he either intended to cause public inconvenience, annoyance, or alarm, or recklessly created a risk of public inconvenience, annoyance, or alarm. See Accime, 476 Mass. at 472-473; Cooper, 100 Mass. App. Ct. at 351.

Finally, the defendant claims that the courthouse surveillance video footage contradicts Court Officer Curt's testimony and his description of what took place at the courthouse entrance. We have viewed the surveillance video and

4

disagree with the defendant's characterization.  In any event, to the extent there existed any conflicts in the evidence, "a reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume -- even if it does not affirmatively appear in the record -- that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'"  McDaniel v. Brown, 558 U.S. 120, 133 (2010), quoting Jackson, 443 U.S. at 326.  See Commonwealth v. Wilborne, 382 Mass. 241, 245 (1981), quoting Commonwealth v. Amazeen, 375 Mass. 73, 81 (1978) ("To the extent that conflicting inferences are possible from the evidence, 'it is for the jury to determine where the truth lies'").  Accordingly, the evidence was sufficient to support the defendant's conviction for disorderly conduct.

Judgment affirmed.

By the Court (Meade, Shin & Tan, JJ.[1]),

Clerk

Entered:  June 6, 2025.

---

[1] The panelists are listed in order of seniority.

5