NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

24-P-377                                             Appeals Court

GUARDIANSHIP OF KELVIN.[1]

No. 24-P-377.

Essex.     October 2, 2025. - April 21, 2026.

Present:  Hand, Hodgens, & Tan, JJ.


Guardian.  Minor, Guardian ad litem.  Parent and Child, Custody
     of minor.  Probate Court, Guardian.  Practice, Civil,
     Appointment of guardian, Contempt.  Contempt.  Due Process
     of Law, Hearing.


     Petition for appointment of a guardian for a minor filed in
the Essex Division of the Probate and Family Court Department on
March 16, 2012.

     Complaints for contempt, filed on March 10 and 30, 2023,
were heard by Jennifer M.R. Ulwick, J., and a hearing to review
compliance with a decree was had before Michael D. Anderson, J.


     Jennifer R. DeFeo for the guardian.
     Jeanne M. Kaiser for the child.
     Michael S. Penta for the mother.


     HODGENS, J.  Following a trial on two contempt complaints,

a judge of the Probate and Family Court concluded that the

_____

     [1] A pseudonym.

guardian of Kelvin "is not currently adjudged in contempt." Two months later, a second judge adjudicated the guardian in contempt purportedly under the first of the two complaints. Concluding that the proceedings before the second judge did not comport with due process, we vacate the judgment of contempt by the second judge on the first complaint.

Background.  After a parenting-time decree, dated February 4, 2023, entered, the mother of Kelvin filed two contempt complaints against her child's guardian.  In the first complaint (filed March 10, 2023), the mother claimed the guardian violated the decree by failing to cooperate with parenting time on February 19 and March 6, and in the second complaint (filed March 30, 2023), the mother claimed that the guardian failed to communicate with the mother to arrange telephone or electronic communications between the mother and the child and failed to provide privacy during the communications.

On April 26, 2023, as to both complaints, the first judge heard testimony from the mother, the guardian, and a social worker.  Applying the standard for civil contempt under Birchall, petitioner, 454 Mass. 837, 852-853 (2009), the judge issued an eleven-page decision on July 7, 2023, and concluded that the mother proved by "clear and convincing evidence . . . that the [d]ecree granting her parenting time is clear and unequivocal and that her parenting time did not occur as

scheduled." The judge further concluded that the guardian had "ignored" the mother despite knowing that he had been ordered "to help facilitate the parenting time." The judge found, however, that "the [g]uardian is not currently adjudged in contempt." Additionally, the judge ordered the parties to "immediately comply" with the decree, modified the terms of the decree, and set a "compliance review hearing" for September 28, 2023.

On the compliance review hearing date, a second judge held a nonevidentiary hearing where counsel provided updates on parenting time since July 7. After patiently hearing extensive updates, the second judge asked the mother's counsel, "So, again, what are you asking me to do today? You want me to go to judgment and find [the guardian] . . . ." Counsel interjected, "Guardian in contempt, absolutely, and again, sanctions." The judge said, "I'll take the contempts under advisement." In a four-page decision dated September 29, 2023, the second judge found the guardian in contempt as to the first complaint, declined to impose financial sanctions, and issued further orders. As to the second complaint, the second judge concluded: "As far as the telephonic and/or electronic communication, [the] [m]other did not establish when, if ever, these sessions were denied without explanation and/or justification." The guardian and the child appeal.

Discussion.  Although arising from a pending case, a contempt cause of action requires a "separate proceeding to be tried apart from the original case, and the requirements of due process must be met."  Crystal, petitioner, 330 Mass. 583, 588 (1953).  A "complaint for contempt should be tried on its merits forthwith."  Kelley v. Kelley, 374 Mass. 826, 827 (1978). Before being adjudged in civil contempt for conduct occurring outside the presence of a judge, "one is entitled as a matter of due process to be advised of the charges against him, to have a reasonable opportunity to respond to the charges, and to retain private counsel to represent the alleged contemnor at trial, to testify in his defense at trial, and to call witnesses on his behalf."  See Birchall, petitioner, 454 Mass. at 853-854.

Because the first judge had previously resolved the first complaint in the guardian's favor through an adjudication, the hearing before the second judge on the same complaint did not satisfy the requirements of due process, and the second judge erred by finding the guardian in contempt.  At that hearing, the second judge heard updates from counsel on parenting time since July 7.  Without any new complaint and without the presentation of any evidence, the second judge found the guardian in contempt -- purportedly in connection with the first complaint that had been previously resolved by the first judge in the guardian's favor.  By failing to advise the guardian of any new charges

against him and to provide him with a reasonable opportunity to respond and present evidence, the summary procedure employed by the second judge did not comport with the requirements of due process. See Birchall, petitioner, 454 Mass. at 853-854. Therefore, the contempt judgment of the second judge as to the first complaint is vacated.

As the record suggests, the second judge's contempt finding gently avoided imposing any financial sanction in the hope of overcoming resistance while still encouraging a spirit of cooperation. The judge's good intentions, however, cannot carry the day when due process is lacking. See, e.g., Furtado v. Furtado, 380 Mass. 137, 140 n.2 (1980) (allegations of defendant's defiance must be "referred to in the complaint"); Sodones v. Sodones, 366 Mass. 121, 129 (1974) (defendant must be informed "prior to the beginning of the hearing, where, when, or in what manner he had violated the order"); Mills v. Mills, 4 Mass. App. Ct. 273, 278 (1976) ("only contempt which has been charged" in complaint may be considered). While achieving an intended result is certainly important, the process used to reach that result is equally important.

We disagree with the mother's contention that the first judge did not actually render a judgment at all and merely "deferred adjudicating whether [the] [g]uardian was in contempt" while various motions were pending and while the second judge,

who was assigned to the case, was temporarily unavailable.  In support, she points to the docket reference to the first judge's decision as an "order" rather than a "judgment."  The substance of the record, however, shows that the first judge rendered a judgment on the two pending March complaints.  After hearing evidence from three witnesses, referencing the two pending complaints at issue, composing extensive findings of fact, and applying the standard for contempt as set forth in the case of Birchall, petitioner, 454 Mass. at 852-853, the first judge expressly found that "the [g]uardian is not currently adjudged in contempt."  Despite the heading of the judge's decision and the docket entry referencing an "order" rather than a "judgment" that may well have misled the second judge into believing that the complaints had not been adjudicated, the entirety of the record shows a carefully reasoned and resolute decision by the first judge rather than an effort to defer taking any action.  See Poras v. Pauling, 70 Mass. App. Ct. 535, 540 (2007) (reviewing court looks to substance of decision rather than "[t]he label").  Where a defendant has been adjudicated either in contempt or not in contempt, a judgment, not an order, should be entered on the docket.

Moreover, a contempt proceeding is not an open-ended case that indefinitely tracks an underlying case; instead, a contempt proceeding is "a separate proceeding to be tried apart from the

original case." Crystal, petitioner, 330 Mass. at 588. The Supreme Judicial Court requires that a "complaint for contempt should be tried on its merits forthwith." Kelley, 374 Mass. at 827. An expeditious resolution of the contempt complaint is not only important to the parties involved, but it is also important to the administration of justice. See Cooke v. United States, 267 U.S. 517, 539 (1925) (power of contempt is indispensable for "protecting the due and orderly administration of justice, and in maintaining the authority and dignity of the court"). Delaying contempt decisions indefinitely, as the mother suggests was done by the first judge, thwarts the remedial purpose sought by the aggrieved complainants, leaves the alleged contemnors under the constant dread of sudden sanctions, and fails to vindicate the authority of the court. The record showing a full-fledged evidentiary hearing followed by findings of fact and conclusions of law contradicts the mother's contention that the first judge simply declined to make a decision and embraced an indefinite delay.

Based on the foregoing, the judgment dated September 29, 2023, and entered on October 3, 2023, adjudicating the guardian in contempt on the first complaint is vacated.

So ordered.